**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| ALI CHOUDHRI, | § | CASE NO. 25-90797 (CML) |
| | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**UNITED STATES TRUSTEE'S**
**EMERGENCY MOTION TO STRIKE PETITION**
**PUSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011(a)**

*******************************************************************************

<u>**BLR 9013 NOTICE**</u>: **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Emergency relief has been requested. Relief is requested to be considered at the Status Conference scheduled for December 9, 2025, at 10:45 a.m. in Courtroom 402, of the United States Federal Courthouse, 515 Rusk Avenue, Houston, Texas.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Represented parties should act through their attorney.**

*******************************************************************************

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "<u>U.S. Trustee</u>"), moves for an order striking the Petition filed to initiate this case because it was filed without the signature of the attorney for Debtor, who was not admitted to practice in the Southern District of

1

Texas when the Petition was filed, in violation of Federal Rule of Bankruptcy Procedure 9011(a). In support of this Motion, the U.S. Trustee would respectfully show as follows:

### I. Summary of Argument

1. There are numerous defects in the pleadings on file in this individual Chapter 11 case – starting with the unsigned Petition. Federal Rule of Bankruptcy Procedure 9011(a) provides that every "petition, pleading, written motion…must be signed by at least one attorney of record in the attorney's individual name." Further, it is the understanding and belief of the U.S. Trustee that the counsel filing the Petition is not admitted to practice in the Southern District of Texas. Neither the schedules filed, or the document that purports to be "List of 20 Largest Unsecured Creditors", comply with filing requirements under the Bankruptcy Code. The schedules were filed without a verification or declaration attesting that the information disclosed was true and correct. Likewise, the List of 20 Largest Unsecured Creditors [ECF No. 4] merely lists creditors with mailing addresses but fails: (i) to disclose the necessary claim information; and (ii) lacks a verification or declaration attesting that the information is true and correct. Most disturbing is the fact that Debtor Ali Choudhri (the "Debtor") seeks to pay the filing fee through installments: indicating that this case is administratively insolvent. For all of these reasons, the U.S. Trustee files this Motion seeking an order striking the unsigned Petition and, effectively, closing this case. In the alternatively, the U.S. Trustee requests the Court convert this case to a chapter 7 case, pursuant to 11 U.S.C. §1112(b)(4)(A) based on the absence of a reasonable likelihood of rehabilitation in the form of proposing a feasible plan of reorganization.

### II. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

2. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

3. Kevin M. Epstein is the duly appointed United States Trustee for Region 7 (the "U.S. Trustee"), which includes the Southern District of Texas, under 28 U.S.C. § 581(a)(7).

4.    Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

5.    Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the U.S. Trustee is charged with a number of supervisory responsibilities in bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(3)(G).

### III. Procedural and Factual Background

6.    On December 5, 2025 (the "Petition Date"), Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). This Court has not appointed a Trustee or Examiner, nor has an official committed been established in this Chapter 11 proceeding.

7.    The Petition was not signed by the filing attorney:

> Case 25-90797   Document 1   Filed in TXSB on 12/05/25   Page 7 of 7
>
> Debtor 1  Ali Choudhri                            Case number (if known) _____
>
> For your attorney, if you are represented by one
>
> If you are not represented by an attorney, you do not need to file this page.
>
> I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.
>
> Signature of Attorney for Debtor _____   Date  December 5, 2025   MM / DD / YYYY
>
> Printed name
> Duke Law Firm
> Firm name
> 788 Shrewsbury Avenue
> Eatontown, NJ 07724
> Number, Street, City, State & ZIP Code
>
> Contact phone _____   Email address _____
>
> Bar number & State

8.    The Petition indicates that the proposed attorney for Debtor is Bruce J. Duke of Bruce J.

3

Duke, LLC, located at 788 Shrewsbury Avenue, Suite 2225, Tinton Falls, NJ 07724 ("Mr. Duke").  It is the understanding and belief of the U.S. Trustee that Mr. Duke is not admitted to practice in the Southern District of Texas:



9. On December 5, 2025, Mr. Duke filed a Motion to Appear *Pro Hac Vice* admitting he is not authorized to file pleadings in the Southern District of Texas.  *See* ECF No. 7.

10. On December 5, 2025, Mr. Duke filed[1] an Application for Individuals to Pay the Filing Fee in Installments (the "Fee Motion"), on behalf of the Debtor [ECF 6], even though he had not been admitted to practice in the Southern District of Texas:

---

[1] Mr. Duke's signature on the Fee Motion was designated as electronic and the Fee Motion was filed with Mr. Duke's ECF filing credentials.  It is unclear how Mr. Duke is able to utilize the SDTX ECF system without admission to the SDTX.

**Official Form 103A**
**Application for Individuals to Pay the Filing Fee in Installments**                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.

**Part 1:    Specify Your Proposed Payment Timetable**

1. Which chapter of the Bankruptcy Code are you choosing to file under?
   - ☐ Chapter 7
   - ☒ Chapter 11
   - ☐ Chapter 12
   - ☐ Chapter 13

2. You may apply to pay the filing fee in up to four installments. Fill in the amounts you propose to pay and the dates you plan to pay them. Be sure all dates are business days. Then add the payments you propose to pay.

   You propose to pay...

   | | | |
   |---|---|---|
   | $ 434.50 | ☐ With the filing of the petition / ☒ On or before this date | 12/8/25 |
   | $ 434.50 | On or before this date | 1/4/26 |
   | $ 434.50 | On or before this date | 2/3/26 |
   | + $ 434.50 | On or before this date | 3/5/26 |

   You must propose to pay the entire fee no later than 120 days after you file this bankruptcy case. If the court approves your application, the court will set your final payment timetable.

   Total  $ 1,738.00    Your total must equal the entire fee for the chapter you checked in line 1.

**Part 2:    Sign Below**

By signing here, you state that you are unable to pay the full filing fee at once, that you want to pay the fee in installments, and that you understand that:

- You must pay your entire filing fee before you make any more payments or transfer any more property to an attorney, bankruptcy petition preparer, or anyone else for services in connection with your bankruptcy case.
- You must pay the entire fee no later than 120 days after you first file for bankruptcy, unless the court later extends your deadline. Your debts will not be discharged until your entire fee is paid.
- If you do not make any payment when it is due, your bankruptcy case may be dismissed, and your rights in other bankruptcy proceedings may be affected.

X  /s/ Ali Choudhri
   Ali Choudhri
   Signature of Debtor 1

X  _____
   Signature of Debtor 2

X  /s/ Bruce Duke
   Bruce Duke
   Your attorney's name and signature, if you used one

Date  December 5, 2025             Date  _____             Date  December 5, 2025

11.     In the Fee Motion, Debtor testifies that he is unable to pay the $1,738.00 filing fee for this chapter 11 case. If Debtor cannot afford the filing fee, he is already administratively insolvent and unable to pay for the administration of a chapter 11 case.

12.     On December 5, 2025, Debtor filed Schedule D and Schedule E/F [ECF No. 3] reporting total outstanding (i) secured claims of $9,000,000, and (ii) unsecured claims of $56,590,000, for total outstanding claims of $65,590,000. *See* ECF No. 3 at Page 2 of 31, and Page 31 of 31. If Debtor is unable to pay $1,738.00, there is very little likelihood he will able to propose a feasible plan reorganizing a debt totaling more than $65 million.

## IV.  Argument

a.    *Legal Framework*

13. Federal Rule of Bankruptcy Procedure 9011(a) provides that every "petition, pleading, written motion…must be signed by at least one attorney of record in the attorney's individual name." The Petition was filed unsigned – because the filing attorney was not authorized to file the Petition in the Southern District of Texas.

14. The solution for Debtor's violation of Rule 9011(a) is to strike the Petition to close this case. Rule 9011(c) authorizes the Court to impose sanctions for violations of Rule 9011(a).

15. Section 1112(b)(1) of the Code provides that the Court must dismiss or convert, whichever is in the best interests of creditors and the estate, if the movant establishes "cause" unless the Court determines that the appointment of a chapter 11 trustee or examiner is in the best interests of creditors and the estate.[2] 11 U.S.C. § 1112(b)(1).

16. Under section 1112(b)(4), "cause" includes:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a [chapter 11] case;

11 U.S.C. § 1112(b)(4).

17. The fact that Debtor cannot afford to pay the chapter 11 filing fee is evidence that (i) Debtor is administratively insolvent, and (ii) there is not a reasonable likelihood of reorganization of the reported $65,590,000 in claims.

18. The Debtor's inability to propose a feasible plan of reorganization constitutes "cause" to dismiss or convert this case to a chapter 7 case. Accordingly, in the event the Court determines not to

---

[2] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), the decision to convert or dismiss a chapter 11 case upon a showing of cause was discretionary. BAPCPA circumscribed a bankruptcy court's discretion by replacing "may" with "shall" and expressly mandating that the court dismiss or convert if the movant establishes cause. *See* 7 Alan N. Resnick, COLLIER ON BANKRUPTCY ¶1112.04[1] (15th ed. rev. 2009); *see also In re Gateway Access Solutions, Inc.*, 364 B.R. 556, 560 (Bankr.M.D.Pa.2007) noting that under BAPCPA, the statutory language "has been changed from permissive to mandatory. The amendments to section 1112 limit the Court's discretion to refuse to dismiss or convert a chapter 11 case upon a finding of cause."

strike the Petition, cause for cause for dismissal or conversion to chapter 7 exists under 11 U.S.C. § 1112(b)(4)(A).

## V. PRAYER

WHEREFORE, the U.S. Trustee requests the Court enter an order striking the Petition and closing this case. In the alternative, the U.S. Trustee requests that the Court enter an order converting this case to a chapter 7 bankruptcy case.

SIGNED on the 8th day of December 2025.

Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN
DISTRICTS OF TEXAS

By:  /s/ Jana Smith Whitworth
Jana Smith Whitworth
Texas Bar No. 00797453/Fed. ID No. 20656
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
(713) 718-4653
(713) 718-4670 Fax
Email: Jana.Whitworth@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon all parties entitled to receive notice by CM/ECF on December 8, 2025.

/s/Jana Smith Whitworth
Jana Smith Whitworth