**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 25-90797 (CML) |
| ALI CHOUDHRI, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

---

**NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH'S RESPONSE TO**
**UNITED STATES TRUSTEE'S EMERGENCY MOTION TO STRIKE PETITION**
**AND MOTION FOR INTRADISTRICT TRANSFER**

---

TO THE HON. CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") submits this Response to the *United States Trustee's ("*UST"*) Emergency Motion to Strike Petition Pursuant to Federal Rule of Bankruptcy Procedure 9011(a)* (the "Emergency Motion") [ECF No. 8]. In the Emergency Motion, the UST effectively seeks dismissal of this case, although the UST does suggest conversion as an alternative.

### INTRODUCTION

1.     ***Dismissal is not in the Best Interest of Creditors.***  The Debtor, Mr. Choudhri, is a vexatious litigant who routinely uses the state and bankruptcy court systems to delay creditors even though there is little to no hope that he will ultimately be successful.  Indeed, this chapter 11 case was filed on the heels of NBK suing Mr. Choudhri in the Southern District of Texas for over $52 million based on his never-disclosed assumption of his front-man's personal guaranty of debt owed to NBK.  It also was filed after two Western District Bankruptcy judges held that Mr. Choudhri has lost control of his entities to a state court receiver appointed to collect the debt of just one group of related creditors.  If the case is dismissed, fractured litigation efforts before different courts will continue, and creditors will suffer as result because they are unlikely to share

ratably in any recoveries based on their relative priorities.  Under these circumstances, a single proceeding engineered to treat creditors equitably is in their best interests.

2.      ***This case should be transferred to Judge Norman***.  Ali Choudhri has a lengthy history in the Southern District Bankruptcy Court.  On behalf of entities he owns and controls, he has filed at least six bankruptcy cases and been named as a plaintiff or defendant in more than two dozen adversary proceedings.  He has also coordinated with related persons to have involuntary petitions filed against entities to avoid the enforcement of orders against those entities.[1]

3.      Of those cases still pending, a majority (three main cases and twelve related adversary proceedings) are currently before Judge Norman, who has developed an institutional knowledge of Mr. Choudhri and his various entities.  Preserving that institutional knowledge provides good cause to transfer this case to Judge Norman, as having this case before Judge Norman will conserve judicial resources and allow more effective case management by, among other things, preventing the expenditure of time and resources necessary to recreate it.  It also will provide comity and limit the potential for inconsistent decisions in cases with often similar fact patterns and significantly overlapping parties, a result all interested parties—including Mr. Choudhri—should support.

4.      ***Although the defects in the Debtor's filings are significant, they can and should be cured and this case converted.***  The UST has identified several defects with the voluntary petition, schedules, and statements filed by Mr. Choudhri.  While concerning, the deficiencies are largely curable.  For example, the solution for Mr. Duke's (Debtor's attorney) failure to sign the petition is not to strike it entirely, but instead to allow Mr. Duke a reasonable opportunity to correct

---

[1]    *In re Jetall Companies, Inc.*, Case No. 24-11544 (Bankr. W.D. Tex.).

the issue.[2]  That is especially true considering Mr. Choudhri (the Debtor) _did_ sign the petition, albeit electronically.  Similar corrections can be—indeed, must be—made with respect to the flaws identified in the schedules and list of creditors.  Dismissal without an opportunity to correct is premature.  Nor would dismissal be in the best interests of Mr. Choudhri's creditors who would all benefit from a unified forum for administering claims and equality in distributions from his remaining assets.

5.      Notwithstanding, cause does exist to appoint a chapter 11 trustee or to convert this case to chapter 7, both of which are more aligned with the best interests of creditors and the estate than dismissal.  As the UST correctly notes, there is no reasonable likelihood of rehabilitation in this case.  In the Choudhri entity bankruptcy cases mentioned above, two things have become clear: (a) Mr. Choudhri lacks the independence and impartiality required to serve as a chapter 11 debtor in possession; and (b) Mr. Choudhri has no means of generating sufficient income to successfully reorganize.  As to the former, at least three different courts have appointed a chapter 11 trustee over a Choudhri entity after finding Mr. Choudhri hopelessly conflicted and unable to represent the best interests of his entities' creditors.  As to the latter, all of Mr. Choudhri's income-generating properties have been (or likely will be) lost to foreclosure.

6.      This case will all but assuredly result in liquidation.  The most efficient means to that end is a chapter 7 proceeding, which would ensure transparency, oversight, equality of distribution, and (perhaps most importantly) finality, or as close as possible to it, for the benefit of all creditors.  The Court, therefore, should deny dismissal and transfer the case to Judge Norman for further proceedings regarding conversion or, alternatively, deny the motion to dismiss, order

---

[2]    Mr. Choudhri has, apparently, already corrected the issue.  On December 8, 2025, Mr. Choudhri filed an amended petition, signed by Gia Samavati.  ECF No. 12.

schedules and a creditor list be filed by a date certain, convert the case to chapter 7, and then transfer it to Judge Norman.

## ARGUMENT

**A.      Because the defects are curable and a dismissal would not be in the best interest of creditors, the Court should retain this case.**

7.      The UST has identified several deficiencies in Mr. Choudhri's bankruptcy petition: (a) it does not contain counsel's signature, although it is electronically signed by the Debtor; (b) Mr. Choudhri's counsel is not yet admitted in the Southern District of Texas; (c) the schedules were filed without a verification or declaration; and (d) the list of Mr. Choudhri's 20 largest unsecured creditors is incomplete and lacks a verification or declaration.

8.      Those defects are certainly concerning.  But they are also curable, and some have already been cured.  For example, Mr. Choudhri filed an amended petition signed by counsel (Gia Samavati) who appears to be licensed to practice in the Southern District.[3]  As another example, Mr. Choudhri can—indeed, should be ordered to—execute a declaration attesting to the accuracy and completeness of his schedules and creditor list immediately and in any event within 2 business days.  None of the identified deficiencies warrant dismissal at this stage of the case, especially when dismissal is not in the best interest of creditors.

**B.      This case should be transferred to Judge Norman pursuant to Local Bankruptcy Rule 1014-1.**

9.      This case is not Mr. Choudhri's first foray into the Southern District Bankruptcy Court.  Since 2018, Mr. Choudhri has filed six bankruptcies in this Court on behalf of entities he owns or controls.[4]  Of those, four cases remain pending.  Three are before Judge Norman (along

---

[3]     ECF No. 12.

[4]     *In re 2500 West Loop, Inc.*, Case No. 18-20459 (Bankr. S.D. Tex.); *In re Houston Real Estate Properties LLC*, Case No. 22-32998 (Bankr. S.D. Tex.); *In re Galleria 2425 Owner, LLC*, Case No. 23-60036 (Bankr. S.D.

with twelve open and ten closed adversary proceedings).[5]  One is before Judge Isgur (along with one open and two closed adversary proceedings).[6]  This Court also previously presided over a Choudhri entity bankruptcy proceeding (which it dismissed after finding that Mr. Choudhri was conflicted and there was no hope for a rehabilitation of that entity) and one related adversary proceeding.[7]

10.     In summary form:

| Judge | Bankruptcy Cases | Adversary Proceedings | Dates |
|---|---|---|---|
| Judge Norman | 3 | 22 | October 2022 – Present |
| Judge Isgur | 2 | 5 | October 2018 – October 2022 & May 2024 - Present |
| Judge Lopez | 1 | 1 | July 2023 – November 2023 |

11.     Local Bankruptcy Rule 1014-1 provides: "On motion of a party in interest or on its own motion, the judge may transfer a case, an adversary proceeding, or a contested proceeding to another judge or division in this district."  Although the local rule does not provide a standard for evaluating a motion to transfer, good cause exists to apply it in this case.

12.     Judge Norman has continuously presided over various Choudhri entity bankruptcy cases and adversary proceedings since at least October 2022.  He is intimately familiar with Mr. Choudhri, Mr. Choudhri's entities (which will likely be assets of this estate), and Mr. Choudhri's creditors (including NBK and Osama Abullatif).  He is also familiar with the facts giving rise to the various bankruptcies, as well as those which precipitated this case's filing.  Judge Norman is

---

Tex.); *In re Galleria 2425 Owner, LLC*, Case No. 23-34815 (Bankr. S.D. Tex.); *In re Galleria West Loop Investments, LLC*, Case No. 24-32143 (Bankr. S.D. Tex.); *In re Jetall Companies, Inc.*, Case No. 24-35761 (Bankr. S.D. Tex.).  This is in addition to eight cases Mr. Choudhri has filed on behalf of his entities in the Western District Bankruptcy Court.

[5]   *In re Houston Real Estate Properties, LLC*, *In re Galleria 2425 Owner, LLC*, and *In re Jetall Companies, Inc.*

[6]   *In re Galleria West Loop Investments, LLC.*

[7]   The first *In re Galleria 2425 Owner, LLC* case, which was active from July 2023 through November 2023.

in a unique position to capture efficiencies and preserve resources as this case is administered.  For all those reasons, this Court should exercise its discretion to transfer this case to Judge Norman.

**C.      Conversion to Chapter 7 is Proper.**

13.      Although dismissal of this case is not in the best interest of creditors, conversion to chapter 7 is both proper and in the best interest of all parties.  As the UST notes, section 1112(b) permits the Court to convert, dismiss, or appoint a chapter 11 trustee "for cause."  11 U.S.C. § 1112(b).  "Cause" is undefined by the Bankruptcy Code, but section 1112(b)(4) provides a list of 16 nonexclusive examples, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  *Id.*  After finding "cause," the court must appoint a chapter 11 trustee, dismiss the case, or convert it to chapter 7.  *Id.*

14.      Cause exists here.  There is no reasonable likelihood of rehabilitating Mr. Choudhri. His schedules disclose $65.6 million in liabilities.  That is in addition to the $52 million Mr. Choudhri owes NBK, which was not scheduled.  In total, Mr. Choudhri owes his creditors *at least* $117 million.  Yet, his schedules disclose no source of income.  And, as the other Choudhri bankruptcy cases illustrate, he has no means of generating income.  Mr. Choudhri is a self-proclaimed real estate investor and operator.  All of his income-producing properties, however, have now been lost to either foreclosure or bankruptcy liquidations.[8]  This case, too, is destined for liquidation.  That is a sufficient basis to find "cause" to convert this case.

---

[8]      *See, e.g.*, *In re 2500 West Loop, Inc.*, Case No. 18-20459 (Bankr. S.D. Tex.); *In re Houston Real Estate Properties LLC*, Case No. 22-32998 (Bankr. S.D. Tex.); *In re Galleria 2425 Owner, LLC*, Case No. 23-60036 (Bankr. S.D. Tex.); *In re Galleria 2425 Owner, LLC*, Case No. 23-34815 (Bankr. S.D. Tex.); *In re Galleria West Loop Investments, LLC*, Case No. 24-32143 (Bankr. S.D. Tex.); *In re Jetall Companies, Inc.*, Case No. 24-35761 (Bankr. S.D. Tex.); *In re Galleria West Loop Investments, LLC*, Case No. 23-50027 (Bankr. W.D. Tex.); *In re SAL ATX LLC*, Case No. 23-10736 (Bankr. W.D. Tex.); *In re Maya J ATX LLC*, Case No. 23-10737 (Bankr. W.D. Tex.); *In re 1001 WL, LLC*, Case No. 24-10119 (Bankr. W.D. Tex.); *In re Texas REIT, LLC*, 24-10120 (Bankr. W.D. Tex.); *In re Meandering Bend, LLC*, Case No. 25-11334 (Bankr. W.D. Tex.); *In re Dalio Holdings I LLC*, Case No. 25-11157 (Bankr. W.D. Tex.); *In re Memorial Glen Cove, LLC*, Case No. 25-51840 (Bankr. W.D. Tex.).

15.     Conversion is far better for creditors than either appointment of a chapter 11 trustee or dismissal.  As to the former, a chapter 11 trustee would add much needed oversight to the bankruptcy process.  Several courts—including this one—have already determined that Mr. Choudhri is incapable of serving as a chapter 11 debtor in possession.[9]  There is no reason to doubt the same is true in this case.  However, because of Mr. Choudhri's lack of a reasonable likelihood of rehabilitation, a chapter 11 trustee would do nothing more than investigate Mr. Choudhri's affairs and propose a liquidating plan that would be overseen, presumptively, by a liquidating trustee.  That would likely come at a cost to creditors (both trustees' fees) greater than a chapter 7 trustee (statutory commission) who could equally well marshal assets, liquidate them, and make distributions.

16.     As to the latter, dismissal would only serve to perpetuate the situation that led to this case's filing.  Mr. Choudhri's creditors are in a race to the courthouse.  Some have already obtained judgments (and had a receiver appointed).  Others are nearing judgment but have been forestalled by Mr. Choudhri's voracious litigation which follows a predictable pattern: Mr. Choudhri owes a debt, fails to pay it, then engages in legal warfare in the Texas state and bankruptcy courts to hinder and delay the creditor pursuing their claim.

17.     The only way to ensure some modicum of equitable recovery is to convert this case to chapter 7.  That would benefit all creditors.  It would ensure neutral oversight of Mr. Choudhri's remaining assets by an independent fiduciary, both preventing diminution and, possibly, increasing the pool.  It would create a single forum for resolving claims by and against the estate, likely leading to much needed finality for all parties.  And, most importantly, it is the only way to assure

---

[9]     *See, e.g.*, *In re Galleria 2425 Owner, LLC*, Case No. 23-60036 (Bankr. S.D. Tex.).

*pro rata* distributions to similarly situated creditors.  Continuation and conversion of this case is not just the best way to benefit creditors, it is likely the only way.

## CONCLUSION

18.     This case should be transferred to Judge Norman pursuant to Local Rule 1014-1. Judge Norman has a lengthy history with the Choudhri cases and institutional knowledge that would take another court substantial time and resources to replicate.  The most prudent path forward counsels capturing efficiencies where possible which means transferring the case to the judge who is best positioned to do so.

19.     Although cause exists to appoint a chapter 11 trustee, dismiss, or convert this case, conversion advances the best interests of creditors and the estate.  Dismissal is premature and would only serve to perpetuate the circumstances which resulted in this filing.  Appointment of a chapter 11 trustee would be more expensive than conversion but lead to a similar result. Conversion will ensure meaningful, neutral oversight of this case, streamline the claims process, and ensure equitable recovery among Mr. Choudhri's creditors.

## RESERVATION

20.     NBK was not served with notice of Mr. Choudhri's bankruptcy filing.  NBK reserves the right to supplement, amend, or modify this Response, to submit additional evidence or briefing, and to raise further arguments as may be appropriate in advance of, or at, any hearing on the UST's Emergency Motion or otherwise.

Date: December 8, 2025                    **Pillsbury Winthrop Shaw Pittman LLP**

By: */s/ Andrew M. Troop*
      Charles C. Conrad
      Tex. Bar No. 24040721
      S.D. Tex. Fed. ID No. 37220
      L. James Dickinson
      Tex. Bar No. 24105805
      S.D. Tex. Fed. ID No. 3611267
      Reed C. Trechter
      Tex. Bar No. 24129454
      S.D. Tex. Fed. ID No. 3803657
      609 Main Street, Suite 2000
      Houston, TX 77002
      Telephone: 713-276-7600
      Facsimile: 713-276-7634
      charles.conrad@pillsburylaw.com
      james.dickinson@pillsburylaw.com
      reed.trechter@pillsburylaw.com

      *--and--*

      Andrew M. Troop
      Federal Bar No. MA547179
      S.D. Tex. Fed. ID No. 30089813
      Patrick E. Fitzmaurice
      N.Y. Bar No. 4093852
      *pro vac vice* pending
      31 West 52nd Street
      New York, NY 10019-6131
      Telephone: 212-858-1000
      Facsimile: 212-858-1500
      andrew.troop@pillsburylaw.com
      patrick.fitzmaurice@pillsburylaw.com

      ***Counsel for National Bank of Kuwait, S.A.K.P.,***
      ***New York Branch***

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 8, 2025, a true and correct copy of this document was served via the Court's CM/ECF system on all counsel of record who are deemed to have consented to electronic service.

      */s/ Andrew M. Troop*
      Andrew M. Troop