**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 25-90797 (CML) |
| ALI CHOUDHRI, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

---

**NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH'S
EMERGENCY MOTION FOR INTRADISTRICT TRANSFER**

---

**Emergency relief has been requested. Relief is requested not later than 5:00 p.m. on December 19, 2025.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

INTRODUCTION ........................................................................................................... 1

EMERGENCY CONSIDERATION ............................................................................... 3

FACTUAL BACKGROUND ........................................................................................... 5

    A.     Ali Choudhri's Southern District Bankruptcy Court History .................................. 5

    B.     Ali Choudhri's Western District Bankruptcy Court History ............................... 12

ARGUMENT .................................................................................................................. 17

    A.     This case should be transferred to Judge Norman. ............................................... 17

    B.     Ali Choudhri's bankruptcy history raises serious concerns about conflicts with his chosen counsel in this case and about the mistakes in his filings. ......................... 23

CONCLUSION ............................................................................................................... 26

i

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*In re 245 Assoc., LLC,*
    188 B.R. 743 (Bankr. S.D.N.Y. 1995) ...................................................................................4

*In re 1001 WL, LLC,*
    Case No. 24-10119 (Bankr. W.D. Tex.) .................................................................13, 18, 25

*2425 WL, LLC v. National Bank of Kuwait, S.A.K.P., New York Branch,*
    Case No. 24-03043 (Bankr. S.D. Tex.) ...............................................................................10

*In re 2500 West Loop, Inc.,*
    Case No. 18-20459 (Bankr. S.D. Tex.) .................................................................................6

*2727 Kirby 26L LLC v. Cypress BridgeCo, LLC,*
    Case No. 24-03094 (Bankr. S.D. Tex.) .................................................................................7

*2727 Kirby 26L LLC v. Cypress BridgeCo, LLC et al.,*
    Case No. 24-03091 (Bankr. S.D. Tex.) .................................................................................8

*9201 Memorial Dr. LLC v. Cypress BridgeCo, LLC,*
    Case No. 24-03093 (Bankr. S.D. Tex.) .................................................................................7

*In re Abacus Broadcasting Corp.,*
    154 B.R. 682 (Bankr. W.D. Tex. 1993) ...............................................................................22

*Abdullatif et al. v. Choudhhri,*
    Case No. 23-03191 (Bankr. S.D. Tex.) .................................................................................7

*Abdullatif et al v. Choudhri,*
    Case No. 23-03190 (Bankr. S.D. Tex.) .................................................................................7

*Abdullatif et al. v. Choudhri,*
    Case No. 23-03194 (Bankr. S.D. Tex.) .................................................................................8

*Abdullatif et al. v. Choudhri et al.,*
    Case No. 22-03298 (Bankr. S.D. Tex.) .................................................................................7

*Abdullatif v. Choudhri,*
    Case No. 23-03193 (Bankr. S.D. Tex.) .................................................................................8

*BDFI LLC v. VB Acquisition Sub No. 3, LLC et al.,*
    Case No. 25-03358 (Bankr. S.D. Tex.) ...........................................................................11, 24

*In re Bodenheimer, Jones, Szwak & Winched L.L.P.*,
  592 F.3d 664 (5th Cir. 2009) ................................................................4

*Choudhri et al. v. Abdullatif et al.*,
  Case No. 25-03004 (Bankr. S.D. Tex.)....................................................7

*Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*,
  Case No. 24-03120 (Bankr. S.D. Tex.)..................................................10

*Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*,
  Case No. 25-20096 (5th Cir.).................................................................21

*In re Dalio Holdings I, LLC*,
  Case No. 25-11157 (Bankr. W.D. Tex.) .................................................15

*In re Eclair Bakery Ltd.*,
  255 B.R. 121 (Bankr. S.D.N.Y. 2000)....................................................22

*In re Enron Corp.*,
  274 B.R. 327 (Bankr. S.D.N.Y. 2002)....................................................22

*In re Galleria 2425 Owner, LLC*,
  Case No. 23-34815 (Bankr. S.D. Tex.)...............................................9, 23

*In re Galleria 2425 Owner, LLC*,
  Case No. 23-60036 (Bankr. S.D. Tex.)...............................................8, 18

*In re Galleria 2425 Owner, LLC*,
  Case No. 25-cv-02553 (S.D. Tex.) .........................................................25

*In re Galleria 2425 Owner, LLC*,
  Case No. 25-cv-03156 (S.D. Tex.) .........................................................25

*Galleria 2425 Owner LLC v. National Bank of Kuwait, S.A.K.P., New York Branch*,
  Case No. 23-03263 (Bankr. S.D. Tex.)..................................................10

*Galleria Loop Note Holder LLC v. Tig Romspen US Master Mortgage LP*,
  Case No. 25-01055 (Bankr. W.D. Tex.) .................................................25

*Galleria Loop Note Holder LLC v. TIG Romspen US Master Mortgage LP*,
  Case No. 25-03608 (Bankr. S.D. Tex.)..................................................24

*In re Galleria West Loop Investments, LLC*,
  Case No. 23-50027 (Bankr. W.D. Tex.) .................................................12

*In re Galleria West Loop Investments, LLC*,
  Case No. 24-32143 (Bankr. S.D. Tex.)..............................................10, 19

*Galleria West Loop Investments, LLC et al. v. Veritex Community Bank et al.*,
    Case No. 24-03119 (Bankr. S.D. Tex.) ..........................................................................11

*Gene McCubbin v. Abdullatif et al.*,
    Case No. 24-03110 (Bankr. S.D. Tex.) ..........................................................................11

*Grove Enterprises LLC v. Dalio Holdings I LLC et al.*,
    Case No. 23-03195 (Bankr. S.D. Tex.) ............................................................................8

*In re Henderson*,
    197 B.R. 147 (N.D. Ala. 1996) ......................................................................................23

*In re Houston Real Estate Properties LLC*,
    Case No. 22-32998 (Bankr. S.D. Tex.) ..............................................................6, 8, 18

*In re Houston Real Estate Properties, LLC*,
    Case No. 24-cv-04859 (S.D. Tex.) .................................................................................24

*In re Houston Real Estate Properties, LLC*,
    Case No. 24-cv-04861 (S.D. Tex.) .................................................................................24

*In re Houston Real Estate Properties, LLC*,
    Case No. 25-cv-00625 (S.D. Tex.) .................................................................................24

*In re Houston Real Estate Properties, LLC*,
    Case No. 25-cv-01187 (S.D. Tex.) .................................................................................24

*In re Houston Real Estate Properties, LLC*,
    Case No. 25-cv-01482 (S.D. Tex.) .................................................................................24

*In re Houston Real Estate Properties, LLC*,
    Case No. 25-cv-01485 (S.D. Tex.) .................................................................................24

*In re Houston Real Estate Properties, LLC*,
    Case No. 25-cv-01486 (S.D. Tex.) .................................................................................24

*Houston Real Estate Properties, LLC v. Abdullatif et al.*,
    Case No. 22-03326 (Bankr. S.D. Tex.) ............................................................................7

*United States of America v. Jetall Companies, Inc.*,
    Case No. 23-mc-01644 (S.D. Tex.) ...............................................................................24

*In re Jetall Companies, Inc.*,
    Case No. 24-35761 (Bankr. S.D. Tex.) ..........................................................11, 18, 24

*In re Jetall Companies, Inc.*,
    Case No. 25-cv-00075 (S.D. Tex.) .................................................................................24

*In re Jetall Companies, Inc.*,
   Case No. 25-cv-00809 (S.D. Tex.) ...................................................................24

*In re Jetall Companies, Inc.*,
   Case No. 25-cv-02173 (S.D. Tex.) ...................................................................24

*In re Jetall Companies, Inc.*,
   Case No. 25-cv-02438 (S.D. Tex.) ...................................................................24

*In re Jetall Companies, Inc.*,
   Case No. 25-cv-02440 (S.D. Tex.) ...................................................................24

*Jetall Companies, Inc. v. Dyke et al.*,
   Case No. 23-03192 (Bankr. S.D. Tex.)...............................................................7

*Jetall Companies, Inc. v. Jackson Walker LLP et al.*,
   Case No. 24-03257 (Bankr. S.D. Tex.).............................................................10

*Jetall Companies, Inc. v. Jackson Walker LLP et al.*,
   Case No. 25-03016 (Bankr. S.D. Tex.).............................................................10

*In re Maya J ATX LLC*,
   Case No. 23-10737 (Bankr. W.D. Tex.) ...........................................................12

*In re Meandering Bend, LLC*,
   Case No. 25-11334 (Bankr. W.D. Tex.) ...........................................................15

*In re Memorial Glen Cove, LLC*,
   Case No. 25-51840 (Bankr. W.D. Tex.) ...........................................................16

*Mokaram Latif West Loop Ltd. v. Choudhri*,
   Case No. 23-03196 (Bankr. S.D. Tex.)...............................................................8

*Mokaram-Latif West Loop, Ltd. et al. v. Dalio Holdings I LLC et al.*,
   Case No. 25-03630 (Bankr. S.D. Tex.).............................................................25

*Mokaram-Latif West Loop Ltd. v. Ali Choudhri*,
   Case No. 25-03628 (Bankr. S.D. Tex.).............................................................25

*Murray v. Jetall Companies, Inc.*,
   Case No. 24-03117 (Bankr. S.D. Tex.).............................................................10

*Naissance Galleria, LLC v. Zaheer et al.*,
   Case No. 23-03259 (Bankr. S.D. Tex.).............................................................10

*In re Northgate Terrace Apartments, Ltd.*,
   117 B.R. 328 (Bankr. S.D. Ohio 1990)...............................................................4

*In re Pannell*,
   243 B.R. 23 (Bankr. S.D. Ohio 1999)...........................................................................23

*QB Loop Property LP et al. v. Murray et al.*,
   Case No. 24-03198 (Bankr. S.D. Tex.)........................................................................10

*Quinlan et al. v. Jetall Companies, Inc. et al.*,
   Case No. 23-03141 (Bankr. S.D. Tex.)..........................................................................7

*In re RIC (Lavernia) LLC*,
   Case No. 24-51195 (Bankr. W.D. Tex.) .......................................................................25

*In re Rimsat, Ltd.*,
   193 B.R. 499 (Bankr. N.D. Ind. 1996)..........................................................................4

*In re SAL ATX LLC*,
   Case No. 23-10736 (Bankr. W.D. Tex.) .......................................................................12

*In re Scott Cable Communications, Inc.*,
   263 B.R. 6 (Bankr. D. Conn. 2001) ..............................................................................23

*In re Smith*,
   2016 WL 3582209 (Bankr. S.D. Tex. June 23, 2016) .............................................3, 4

*In re Texas REIT, LLC*,
   Case No. 24-10120 (Bankr. W.D. Tex.) ............................................................14, 18, 25

<u>Statutes and Codes</u>

United States Code
   Title 11 Section 101 ................................................................................................18, 19
   Title 11 Section 105 .....................................................................................................23
   Title 11 Section 327 ...................................................................................................5, 26
   Title 11 Section 328 .......................................................................................................5
   Title 11 Section 329 .....................................................................................................26
   Title 11 Section 330 ...................................................................................................5, 26
   Title 11 Section 521 .....................................................................................................11
   Title 11 Section 541 .......................................................................................................4
   Title 11 Section 543 .......................................................................................................4
   Title 28 Section 1412 ................................................................................................21, 23

<u>Rules and Regulations</u>

Bankruptcy Court Local Rules
   Rule 1014-1...........................................................................................................*passim*
   Rule 2014-1.................................................................................................................26

Federal Rules of Bankruptcy Procedure

Rule 1007 ................................................................................................................16

Rule 1014 .................................................................................................21, 22, 23

Rule 2014 .................................................................................................5, 26

Rule 2016 .................................................................................................5, 26

TO THE HON. CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") submits this *Motion for Intradistrict Transfer* and states as follows:

## **INTRODUCTION**

1.      Ali Choudhri has a lengthy history in the Southern District Bankruptcy Court.[1]  On behalf of entities he owns and controls, he has filed at least six bankruptcy cases (or coordinated with related persons to have involuntary petitions filed against entities he owns and controls) and been named as a plaintiff or defendant in more than two dozen adversary proceedings. Definitionally, all those cases are related to this one.

2.      Yet, by failing to list any of the prior cases on his bankruptcy petition and by designating this case as "complex," Mr. Choudhri assured himself of a 50% chance of appearing before a judge who has no history with him (Judge Perez) and a 100% chance of appearing before one of two judges who have the least history with him (Judges Perez and Lopez).  Those decisions were intentional.  They were designed to avoid this case's assignment to Judge Norman, who has three pending, and the lowest numbered, Choudhri cases along with twenty-two related adversary proceedings, Judge Isgur, who has one pending case and presided over another concluded case, or Judge Rodriguz, who recently rebuked Mr. Choudhri's attempt to disqualify Judge Norman. Mr. Choudhri's actions can be classified as nothing other than deliberate judge shopping.

3.      Local Bankruptcy Rule 1014-1 – which permits this Court to transfer a case to another judge or division of the Court – was presumably designed with this very scenario in mind. It allows the Court to conserve judicial resources and promotes more effective case management by preventing the expenditure of time and resources necessary for one judge to recreate

---

[1] Unless otherwise noted, references to "District" are to the United States District Courts in Texas.

institutional knowledge already possessed by another.  It further provides comity and limits the potential for inconsistent decisions in cases which are related and share similar fact patterns and overlapping parties.  Finally, it allows this Court to discourage judge shopping and to nullify it when it occurs.

4.      Application of Local Bankruptcy Rule 1014-1 to transfer this case to Judge Norman makes eminent sense for several reasons.  First, Judge Norman has presided over three Choudhri-entity bankruptcy cases and twenty-two related adversary proceedings since 2022.  He is intimately familiar with the parties (Mr. Choudhri, his litany entities, and his dozens of creditors) and the issues that will form the core of this case.  It would take this Court substantial time and resources to recreate that knowledge, largely starting from scratch.  Conservation of resources and efficiency both favor transfer.

5.      Second, Judge Norman has entered orders and judgments in the related Choudhri cases that will impact this case's progression.  He is in the best position to answer any questions about what issues have previously been decided, for what reasons, and what impact they have on the administration of this case.  Comity favors transfer too.

6.      Third, allowing Mr. Choudhri to avoid transfer would reward his gamesmanship.  As discussed below, Mr. Choudhri has largely run out of "new" judges.  The best chance he had at finding one was to designate this case as "complex" (ensuring assignment to either a judge he has never appeared before or the judge he has the least experience before) and fail to disclose affiliated cases.  He took that chance.  It should not be condoned.

7.      Economy, efficiency, comity, and condemning judge shopping all support transferring this case to Judge Norman who has three currently pending Choudhri bankruptcies, including the lowest numbered one, and all their related adversary proceedings.  Looking to the

issues that have already been raised by motion in this case (dismissal, conversion, and stay relief), it is clear that a significant record—which has already been made in other cases— and the decisions issued in those cases will be relevant and necessary to administering Mr. Choudhri's bankruptcy. The best way to proceed is to have the judge (Norman, J.) who has the least amount to learn preside over this case and decide these and other issues.

## EMERGENCY CONSIDERATION

8.      Less than one week into this case, several parties have already sought substantive relief.  The United States Trustee has asked the Court to strike the petition or to dismiss or convert the case.  ECF No. 8.  NBK has asked the Court to appoint a trustee or convert the case, noting dismissal is in nobody's best interest.  ECF No. 14.  A state court receiver, Travis Vargo, has asked the court to dismiss the case or abstain from hearing it, to declare that no property of the estate exists, and to allow stay relief to continue state court litigation.  ECF Nos. 21 & 22.

9.      The Court has not yet set a hearing on the United States Trustee's motion or Mr. Vargo's dismissal motion.  Mr. Vargo's stay relief motion is calendared for January 13, 2026. ECF No. 21.  NBK will file a separate, fulsome response to each motion explaining that, notwithstanding the challenges that have been posed to pending cases by Mr. Choudhri's litigation tactics and refusal, absent compulsion, to provide information, a bankruptcy case in which all of Mr. Choudhri's assets and liabilities are administered is the best alternative for all of his creditors for several reasons, very briefly highlighted here.

10.     First, Mr. Choudhri's bankruptcy filing divested the receiver of authority; the receivership automatically terminated (likely also eliminating Mr. Vargo's standing to argue for dismissal or stay relief in the first instance).  *See, e.g.*, *In re Smith*, 2016 WL 3582209, at *2 (Bankr. S.D. Tex. June 23, 2016) (Isgur, J.) ("Courts examining the role of a receiver once a bankruptcy case commences have consistently reached the same conclusion: absent an order of the bankruptcy

court '[t]he receivership is effectively over and done with; it has come to an end.'").[2]  Regardless, Mr. Vargo acts for the benefit of only a very small subset of Mr. Choudhri's creditors (Mr. Abdullatif, Mr. Quinlan, and Mr. Mokaram).  Dismissing the case and allowing the receivership to continue could possibly benefit those three individuals, but it would do so at the expense of the remainder of Mr. Choudhri's creditors of which there are, apparently, many, and to which the receiver owes no duty.[3]

11.    Second, upon the bankruptcy filing, all of Mr. Choudhri's assets (including his ownership interests in a litany of entities) became property of the bankruptcy estate and subject to this Court's *exclusive* jurisdiction.  11 U.S.C. § 541 ("all legal or equitable interests," "wherever located and by whomever held").  Contrary to Mr. Vargo's assertion, Mr. Choudhri's non-exempt assets belong to the bankruptcy estate; they are *not* excluded from it.  *Id.*; 11 U.S.C. § 543 (requiring custodians, including state court receivers, to turn over property of the estate); *In re Smith*, 2016 WL 3852209, at *2 (quoting *Taylor v. Sternberg*, 293 U.S. 470, 472 (1935) ("Upon [a bankruptcy filing], the jurisdiction of the bankruptcy court becomes paramount and exclusive; and thereafter that court's possession and control of the estate cannot be affected by proceedings in other courts, whether state or federal.")).  Fundamentally, it cannot be in all creditors' interest for none of Mr. Choudhri's assets to become estate property.  It is in the best interests of creditors

---

[2] *See also In re Rimsat, Ltd.*, 193 B.R. 499, 502 (Bankr. N.D. Ind. 1996) (receiver lacks standing to seek dismissal); *In re 245 Assoc., LLC*, 188 B.R. 743, 748 (Bankr. S.D.N.Y. 1995) ("[T]he commencement of the [bankruptcy] case 'supersedes' the custodianship."); *In re Northgate Terrace Apartments, Ltd.*, 117 B.R. 328, 331 (Bankr. S.D. Ohio 1990) ("Generally, a state court receivership is terminated upon a bankruptcy filing by the owner of the property."); *In re Bodenheimer, Jones, Szwak & Winched L.L.P.*, 592 F.3d 664, 670 (5th Cir. 2009) (holding that at the moment of a commencement of a bankruptcy case, the role of a state-law custodian is superseded).

[3] To NBK's knowledge, the receiver has not provided notice to any of Mr. Choudhri's other creditors of the receivership, set up a process for them to assert their claims, reported to them on the progress of the receivership, or provided notice of any other relief sought or granted in the receivership.

and the estate for all of Mr. Choudhri's non-exempt assets to become estate property (subject to valid, perfected liens which will be addressed pursuant to the terms of the Bankruptcy Code).

12.     Third, the only practical way to ensure a benefit for all creditors is to have Mr. Choudhri and all his assets under the watchful eye of the bankruptcy court and an independent fiduciary by creating a single case where his assets will be monetized and distributed equitably, on a *pro rata* basis, among similarly situated creditors.  As the Court considers whether to transfer this case to Judge Norman and reviews Mr. Choudhri's bankruptcy history, it should consider how a singular, collective proceeding creates greater benefit for all interested parties than dismissal or stay relief would.

13.     Nonetheless, this Court's determination of which judge will hear the pending (and forthcoming) motions should precede the determination of the motions themselves.  Anything else puts the cart before the horse.  Put simply, the request to transfer is a gating issue to the determination of the dismissal motions, the abstention motion, the conversion motion, and the stay relief motion.  Expedited relief is, accordingly, appropriate.

## FACTUAL BACKGROUND

### A.     Ali Choudhri's Southern District Bankruptcy Court History

14.     This case is not Mr. Choudhri's first foray into the Southern District Bankruptcy Court.  Since 2018, Mr. Choudhri has filed six bankruptcies in this Court on behalf of entities he owns or controls.  A brief illustration of each case is helpful in evaluating the efficiencies of transferring this case to Judge Norman before determining any of the pending substantive motions.

15.     ***In re 2500 West Loop, Inc.*, Case No. 18-20459 (Bankr. S.D. Tex.)**.  Mr. Choudhri filed the 2500 West Loop case as a voluntary chapter 11 in October 2018.[4]  The case was assigned

---

[4] Bankr. S.D. Tex. Case No. 18-20459, ECF No. 1.

to Judge Isgur.  Mr. Choudhri owned and controlled 2500 West Loop Inc.[5]  The debtor's schedules disclosed a single asset, a promissory note and deed of trust related to real property at 2500 West Loop South, Houston, Texas 77027.[6]  A chapter 11 trustee was appointed in February 2019, approximately four months after filing.[7]  In August 2021, the chapter 11 trustee successfully proposed and confirmed a plan.[8]  The case was fully administered and closed in October 2022.[9]

16.     *In re Houston Real Estate Properties LLC*, **Case No. 22-32998 (Bankr. S.D. Tex.)**.  Mr. Choudhri filed the Houston Real Estate Properties case as a voluntary chapter 11 in October 2022.[10]  *The case was assigned to Judge Norman and is the first of the Choudhri-related cases in the Southern District Bankruptcy Court that remains open*.  Mr. Choudhri owns and controls Houston Real Estate Properties LLC.[11]  The debtor's schedules disclose that its sole assets were a promissory note allegedly owed by Osama Abdullatif and real property at 801 Malone St., Houston, Texas 77007.[12]  The case was converted to chapter 7 in March 2023 after Judge Norman found:

> [Debtor's representative, Dward Darjean, who is another of Mr. Choudhri's frontmen] has an appalling lack of knowledge as to what's going to happen in this case as far as reorganization is concerned.  He can't tell me anything about the single asset real estate that effectively is the only way this Debtor reorganizes.

---

[5] *Id.*, ECF No. 8.  The petition and schedules were signed by one of Mr. Choudhri's frontman, Brad Parker. *Id.*  100% of the debtor's equity was held by an entity called BDFI, LLC, which Mr. Choudhri owns and controls.  *Id.*  For years, Mr. Choudhri and Mr. Parker hid their relationship from creditors.  Only recently did Mr. Parker produce an agency agreement entered between the two where Mr. Choudhri authorized and directed Mr. Parker to create and operate entities (at least facially) for and on behalf of Mr. Choudhri.  *See* **Exhibit A.**

[6] *Id.*, ECF No. 6.

[7] *Id.*, ECF No. 46.

[8] *Id.*, ECF No. 231.

[9] *Id.*, ECF No. 313.

[10] Bankr. S.D. Tex. Case No. 22-32998, ECF No. 1.

[11] *Id.*, ECF No. 26.

[12] *Id.*, ECF No. 25.

> [T]his is a Debtor who filed a case based on litigation tactics. It didn't like what happened to it in state court. It came running over here expecting to get some sort of relief.
>
> . . .
>
> And it's critically important that the one person, Mr. Choudhri, Ali Choudhri, the one person who could come here and tell me everything that I should need to know about this case and why this case should move forward and what can happen with this lot and how the Debtor reorganizes is absent, hasn't testified, and there is just too much of a commingling between the parties. These transfers don't make any sense. And as a practical matter, this is a case that should be converted to a Chapter 7 . . . there is an integrity to the system that this Court needs to uphold, and it upholds it by converting this case to Chapter 7.[13]

After conversion, the chapter 7 trustee liquidated the debtor's assets.[14]  *This bankruptcy case remains open, however, due to a still-pending adversary proceeding between Mr. Choudhri and Messrs. Abdullatif, Quinlan, and Mokaram.*[15]  Judge Norman currently presides over both the chapter 7 case and this open adversary proceeding (and formerly presided over thirteen additional adversary proceedings that were resolved).[16]

---

[13] *Id.*, ECF Nos. 74 & 82.

[14] *Id.*, ECF Nos. 179 & 188.

[15] *Quinlan et al. v. Jetall Companies, Inc. et al.*, Case No. 23-03141 (Bankr. S.D. Tex.). This adversary seeks, among other things, findings that Mr. Choudhri and others are *alter egos* of each other – an additional indication that keeping Mr. Choudhri in bankruptcy and having this related case in front of Judge Norman increases likely efficiencies.

[16] *Abdullatif et al. v. Choudhri et al.*, Case No. 22-03298 (Bankr. S.D. Tex.); *Houston Real Estate Properties LLC v. Abdullatif et al.*, Case No. 22-03326 (Bankr. S.D. Tex.); *9201 Memorial Dr. LLC v. Cypress BridgeCo, LLC*, Case No. 24-03093 (Bankr. S.D. Tex.); *2727 Kirby 26L LLC v. Cypress BridgeCo, LLC*, Case No. 24-03094 (Bankr. S.D. Tex.); *Choudhri et al. v. Abdullatif et al.*, Case No. 25-03004 (Bankr. S.D. Tex.); *Abdullatif et al v. Choudhri*, Case No. 23-03190 (Bankr. S.D. Tex.); *Abdullatif et al. v. Choudhri*, Case No. 23-03191 (Bankr. S.D. Tex.); *Jetall Companies, Inc. v. Dyke et al.*, Case No. 23-03192 (Bankr. S.D. Tex.); *Abdullatif v. Choudhri*, Case No. 23-03193 (Bankr. S.D. Tex.); *Abdullatif et al. v. Choudhri*, Case No. 23-03194 (Bankr. S.D. Tex.); *Grove Enterprises LLC v. Dalio Holdings I LLC et al.*, Case No. 23-03195 (Bankr. S.D. Tex.); *Mokaram Latif West Loop Ltd. v. Choudhri*, Case No. 23-03196 (Bankr. S.D. Tex.); *2727 Kirby 26L LLC v. Cypress BridgeCo, LLC et al.*, Case No. 24-03091 (Bankr. S.D. Tex.).

17.     Notably, Mr. Choudhri moved to recuse Judge Norman from this case and its adversary proceedings, asserting bias or impartiality.[17]  Judge Norman asked the clerk of court to randomly assign the matter to another judge.[18]  It was assigned to Chief Judge Rodriguez.[19]  In December 2024 and January 2025, Chief Judge Rodriguez presided over five days of argument and testimony.[20]  In February 2025, Chief Judge Rodriguez denied the motion with prejudice, finding:

> Mr. Choudhri has not shown that any comments or findings are demonstrative of bias, but instead has only demonstrated consistent adverse rulings and an expression of dissatisfaction regarding litigation conduct. . . .  The record is replete with evidence that Judge Norman reasonably formed all and any held opinions through the various stages of litigation and cases featuring Mr. Choudhri.

18.     ***In re Galleria 2425 Owner, LLC*, Case No. 23-60036 (Bankr. S.D. Tex.)**.  Mr. Choudhri filed the first Galleria 2425 Owner case as a voluntary chapter 11 in July 2023.[21]  The case was filed in the Victoria Division, and so it was automatically assigned to this Court (Lopez, J.) pursuant to the work order in force at the time.  General Order 2022-7.  Galleria 2425 Owner is owned and controlled by Mr. Choudhri.[22]  The case was designated as a single asset real estate with its sole property located at 2425 West Loop South, Houston, Texas 77027.[23]  This Court *sua sponte* dismissed the case at a status conference in November 2023 (some four months after filing) when it found the debtor had no hope of successfully reorganizing and the case was plagued by actual and potential conflicts of interest stemming from Mr. Choudhri's purported representation

---

[17] *John Quinlan et al. v. Houston Real Estate Properties, LLC et al.*, Case No. 22-32998, ECF Nos. 245 & 404.

[18] *Id.*, ECF No. 251.

[19] *Id.*

[20] *Id.*, ECF Nos. 385, 443, 645, 527 & 529.

[21] Bankr. S.D. Tex. Case No. 23-60036, ECF No. 1.

[22] *Id.*, ECF No. 30.

[23] *Id.*, ECF Nos. 1, 29 & 30.

of himself, the debtor, and several of its creditors.[24]  This Court also expressed concerns about Mr. Choudhri's selection of venue: "I would also note that this case was filed in Victoria.  In connection with this I don't see a connection with Victoria as well."[25]  That concern is relevant here given Mr. Choudhri's apparently strategic designation of this case as a "complex case" for the potential purpose of avoiding its automatic assignment to Judge Norman under the first-filed rule because doing so directed the case to this Court (Lopez, J.) and away from Judge Norman.

19.     ***In re Galleria 2425 Owner, LLC*, Case No. 23-34815 (Bankr. S.D. Tex.)**.  Mr. Choudhri filed the second Galleria 2425 Owner case as a voluntary chapter 11 in December 2023.[26]  The case was filed in the Houston Division and assigned to Judge Norman.  Mr. Choudhri originally failed to designate the case single asset real estate, despite scheduling only one asset: real property at 2425 West Loop South, Houston, Texas 77027.[27]  A chapter 11 trustee was appointed in January 2024, less than two months after filing, when Judge Norman found:

> The major problem is I have conflicts of interest in this case.  I don't have an independent Debtor.  I have management [*i.e.*, Mr. Choudhri] basically approving payments to itself. . . .  The schedules are inconsistent.  There's discrepancies.[28]

A liquidating plan was eventually approved and the property at issue was sold.[29]  *The case remains open due to two open adversary proceedings and multiple appeals involving Mr. Choudhri and*

---

[24] *See id.*, ECF Nos. 105 & 109.

[25] *Id.*, ECF No. 109.

[26] Bankr. S.D. Tex. Case No. 23-34815, ECF No. 1.

[27] *Id.*, ECF Nos. 1 & 70.

[28] *Id.*, ECF Nos. 99 & 555.

[29] *Id.*, ECF Nos. 566 & 675.

*his affiliates*.[30]  Judge Norman currently presides over those cases (and formerly presided over six additional adversary proceedings that have been resolved).[31]

20.      ***In re Galleria West Loop Investments, LLC*, Case No. 24-32143 (Bankr. S.D. Tex.)**.  This is the second Galleria West Loop Investments case.  As discussed below, Mr. Choudhri filed the first Galleria West Loop Investments case in the Western District Bankruptcy Court.  That case was dismissed in July 2023, with a 36-month refiling bar.  Knowing he could not file a voluntarily petition, Mr. Choudhri enlisted a friend, Gene McCubbin, to file an involuntary chapter 11 against Galleria West Loop Investments in the Southern District Bankruptcy Court in May 2024.[32]  The case is assigned to Judge Isgur.  In June 2024, less than one month after initiating the involuntary proceeding, Mr. McCubbin (jointly with the debtor) moved to dismiss the case.[33]  Judge Isgur denied that relief and appointed a chapter 11 trustee after finding that both Mr. Choudhri (on behalf of the debtor) and Mr. McCubbin were acting "lawlessly in the case."[34]  Less than a month later, Judge Isgur converted the case to chapter 7 after the debtor's sole property – 50 Briar Hollow Ln., Houston, Texas 77027 – was foreclosed upon.[35]  The case appears to be fully

---

[30] *Murray v. Jetall Companies, Inc.*, Case No. 24-03117 (Bankr. S.D. Tex.); *Jetall Companies Inc. v. Jackson Walker LLP et al.*, Case No. 25-03016 (Bankr. S.D. Tex.); *see Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 25-20096 (5th Cir.), ECF No. 84, attached as **Exhibit B** (discussing Mr. Choudhri's appeals).

[31] *Naissance Galleria, LLC v. Zaheer et al.*, Case No. 23-03259 (Bankr. S.D. Tex.); *Galleria 2425 Owner LLC v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 23-03263 (Bankr. S.D. Tex.); *2425 WL, LLC v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 24-03043 (Bankr. S.D. Tex.); *Choudhri v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 24-03120 (Bankr. S.D. Tex.); *QB Loop Property LP et al. v. Murray et al.*, Case No. 24-03198 (Bankr. S.D. Tex.); *Jetall Companies Inc. v. Jackson Walker LLP et al.*, Case No. 24-03257 (Bankr. S.D. Tex.).

[32] Bankr. S.D. Tex. Case No. 24-32143, ECF No. 1.  The lawyer who filed the case for Mr. McCubbin had previously represented the debtor, resigned from representing the debtor to file the involuntary, and then resumed representing the debtor after the involuntary.  *See id.*, ECF No. 66.  As discussed *infra*, this scheme became a theme.

[33] *Id.*, ECF No. 48.

[34] *Id.*, ECF Nos. 52 & 66.

[35] *Id.*, ECF No. 79.

administered, all professionals have filed final fee applications, but remains open.  Two related adversary proceedings have been closed,[36] and one remains open although it was dismissed with prejudice at the pleading stage and is otherwise dormant.[37]

21.     ***In re Jetall Companies Inc.*, Case No. 24-35761 (Bankr. S.D. Tex.).**  Like the second Galleria West Loop Investments case, the Jetall Companies bankruptcy began as an involuntary chapter 11 case filed by Gene McCubbin – the same person who participated in the scheme to file the Galleria West Loop Investments involuntary – but this time in the Western District Bankruptcy Court.[38]  The case was assigned to Judge Bradley.  Two days after filing, Judge Bradley transferred the case to Judge Norman in the Southern District Bankruptcy Court.[39]  Just over a month after filing, Mr. McCubbin moved to dismiss the case.[40]  Judge Norman denied that and, instead, entered an order for relief under chapter 11 and later converted the case to chapter 7 after Mr. Choudhri failed to file the information required by 11 U.S.C. § 521(a).[41]  That was not Mr. Choudhri's only refusal to provide information necessary for the case to proceed, including complete and accurate bankruptcy schedules and statements.  Indeed, after several motions to compel and findings of contempt, Judge Norman issued a warrant for Mr. Choudhri's arrest and confinement until he complied with his obligations as the debtor's principal.[42]  Mr. Choudhri refused to comply with that order too and so was jailed until he provided additional information

---

[36] *Gene McCubbin v. Abdullatif et al.*, Case No. 24-03110 (Bankr. S.D. Tex.); *Galleria West Loop Investments, LLC et al. v. Veritex Community Bank et al.*, Case No. 24-03119 (Bankr. S.D. Tex.).

[37] *BDFI LLC v. VB Acquisition Sub No. 3, LLC et al.*, Case No. 25-03358 (Bankr. S.D. Tex.).

[38] Bankr. W.D. Tex. Case No. 24-11544, ECF No. 1.  As referenced *supra*, the lawyer who filed the case for Mr. McCubbin (Shea Palavan) had previously represented the debtor (and Mr. Choudhri, individually) and, after filing, returned to representing the debtor (and Mr. Choudhri, individually).

[39] *Id.*, ECF No. 2.

[40] Bankr. W.D. Tex. Case No. 24-35761, ECF No. 24.

[41] *Id.*, ECF Nos. 39, 68 & 89.

[42] *Id.*, ECF Nos. 54, 124, 136, 219.

necessary to complete the debtor's schedules.[43]  *The case remains pending while the chapter 7 trustee continues his investigation and efforts to marshal assets for distribution.*[44]

**B.  Ali Choudhri's Western District Bankruptcy Court History**

22.  Mr. Choudhri is no stranger to filing cases in the Western District Bankruptcy Court either.  Since 2023, Mr. Choudhri has filed nine bankruptcies in that court on behalf of entities he owns or controls (in addition to the Jetall Companies case which originated in the Western District Bankruptcy Court but was quickly transferred to its proper venue in the Southern District Bankruptcy Court).  Illustrations of the Western District Bankruptcy Court cases are helpful to demonstrate Mr. Choudhri's willingness to forum-shop his way out of courtrooms and judges, his inability to serve as a debtor in possession, and his repeated disregard for the bankruptcy process absent judicially imposed oversight in the form of a chapter 11 trustee or conversion to chapter 7 for the benefit of all creditors.[45]

23.  *In re Galleria West Loop Investments, LLC*, **Case No. 23-50027 (Bankr. W.D. Tex.).**  Mr. Choudhri filed the first Galleria West Loop Investments case in January 2023.[46]  It was assigned to Judge Gargotta.  Galleria West Loop Investments is owned and controlled by Mr. Choudhri.[47]  The debtor's schedules disclosed it was a single asset real estate case with its sole

---

[43] *Id.*, ECF No. 176.

[44] *See id.*, ECF Nos. 288, 316, 337, 339, 346 & 350.

[45] In addition to the cases discussed below, two more were filed in the Western District Bankruptcy Court which, seemingly, were their proper venue: *In re SAL ATX LLC*, Case No. 23-10736 (Bankr. W.D. Tex.) and *In re Maya J ATX LLC*, Case No. 23-10737 (Bankr. W.D. Tex.).  Both cases began as voluntary chapter 11 filings but were converted to chapter 7 for failure to file a confirmable plan, failure to file monthly operating reports, and failure to pay United States Trustee fees.  Both cases resulted in the sale of the debtors' properties by the chapter 7 trustee, who administering the cases for all creditors was able to make a distribution to creditors.

[46] Bankr. W.D. Tex. Case No. 23-50027, ECF No. 1.

[47] *Id.*, ECF No. 32.

piece of property located at _50 Briar Hollow Ln., Houston, TX 77027_.[48]  No explanation was given

for why the case—dealing exclusively with Houston property—was filed in Austin.  The case was

dismissed with a 36-month refiling bar in July 2023, less than six months after it was filed.

24.     ***In re 1001 WL, LLC*, Case No. 24-10119 (Bankr. W.D. Tex.).**  Mr. Choudhri filed

the 1001 WL case in February 2024.[49]  It was assigned to Judge Robinson.  1001 WL LLC is

owned and controlled by Mr. Choudhri.[50]  The debtor's schedules disclosed it was a single asset

real estate case with its sole piece of property located at _1001 W. Loop S., Houston, TX 77027_.[51]

No explanation was given for why the case, again dealing exclusively with Houston property, was

filed in Austin.  The Western District Bankruptcy Court appointed a chapter 11 trustee in January

2025, after the court found "cause" for: (a) failure to confirm a plan; (b) declining revenues and

losses; (c) untimely and improper monthly operating reports; (d) failure to comply with court

orders regarding cash collateral; (e) questionable and inaccurate accounting records; (f)

mismanagement; and (g) Mr. Choudhri's continued efforts to prevent a state court foreclosure.[52]

The case remains pending while the chapter 11 trustee markets and attempts to sell the Houston

property for the benefit of all creditors.[53]

25.     ***In re Texas REIT, LLC*, Case No. 24-10120 (Bankr. W.D. Tex.).**  Mr. Choudhri

filed the Texas REIT case in February 2024.[54]  It was assigned to Judge Robinson.  Mr. Choudhri

owns and controls Texas REIT LLC.[55]  The debtor's schedules identified two assets, parcels of

---

[48] *Id.*, ECF Nos. 1 & 2.

[49] Bankr. W.D. Tex. Case No. 24-10119, ECF No. 1.

[50] *Id.*, ECF No. 28.

[51] *Id.*, ECF Nos. 1 & 28.

[52] *Id.*, ECF Nos. 634 & 639.

[53] *See, e.g.*, *id.*, ECF No. 1025.

[54] Bankr. W.D. Tex. Case No. 24-10120, ECF No. 1.

[55] *Id.*, ECF No. 168.

real estate located at _8050 – 8500 Westheimer Drive, Houston, TX 77063_ and _8098 Westheimer_

_Drive, Houston, TX 77063_.[56]  As with the others above, no explanation has been given for why the

case—dealing exclusively with Houston property—was filed in Austin.  The Western District

Bankruptcy Court appointed a chapter 11 trustee in April 2025, after the court found "cause" based

on:

> instances of mismanagement, incompetence, continuing losses, repeated delays,
> acrimonious relationships between the Debtor's management and creditors, self-
> dealing by Mr. Choudhri, conflicts of interest of Mr. Choudhri, an appearance of
> impropriety . . . trustworthiness issues regarding Mr. Choudhri and the Debtor,
> [and] confidence or lack thereof in the business community and of creditors in this
> present case regarding Mr. Choudhri's management.[57]

As additional support, the Western District Bankruptcy Court detailed some of Mr. Choudhri's

misconduct:

> Mr. Choudhri has neglected his fiduciary duties to the estate of the Debtor, to this
> Debtor, and the creditors of this estate.  And he's done that in multiple capacities
> and connections . . . .  [H]e continues to assert positions for himself.  He asserts
> positions for Dalio, for Jetall [other Choudhri entities].  He takes this Court's time
> with urging this Court to adopt positions that are in his best interest or in the best
> interest of other entities.  He appears to deploy delay tactics and things of that nature
> to address issues that relate to him individually, [Dalio], Jetall, etcetera. . . .  All of
> those indicate and constitute evidence that Mr. Choudhri has an unavoidable
> conflict of interest, that Mr. Choudhri [is] engaging in self-dealing, and . . . he's
> putting his personal interests and the interests of his other entities before the interest
> of this Debtor, this estate, and the creditors of this estate.[58]

The case remains pending while the chapter 11 trustee markets and attempts to sell the Houston

properties for the benefit of all creditors.

26. ***In re Meandering Bend, LLC*, Case No. 25-11334 (Bankr. W.D. Tex.).**  Mr.

Choudhri filed the Meandering Bend case in August 2025 in the San Antonio Division of the

---

[56] _Id._, ECF No. 28.

[57] _Id._, ECF No. 577 & 582.

[58] _Id._

Western District Bankruptcy Court.[59]  It was initially assigned to Judge Parker.  The debtor's schedules disclose its sole asset was a single piece of real property in Austin.[60]  Less than two weeks after filing, the Western District Bankruptcy Court entered an order directing the debtor to show cause why it filed in the San Antonio Division when its principal place of business and sole asset were located in the Austin Division.[61]  After a hearing, the Western District Bankruptcy Court transferred the case from the San Antonio Division to the Austin Division and assigned it to Judge Robinson.[62]  The case was originally filed under chapter 11, but was converted to chapter 7 in September 2025, just one month after filing.[63]  The Western District Bankruptcy Court dismissed the case on December 5, 2025 – *the very same day the present case was filed*.[64]

27.    ***In re Dalio Holdings I, LLC*, Case No. 25-11157 (Bankr. W.D. Tex.).**  Mr. Choudhri filed the Dalio Holdings case in July 2025.[65]  It was assigned to Judge Robinson.  Mr. Choudhri owns and controls Dalio Holdings.  The debtor's schedules disclose its sole assets were eight parcels of real estate, all located in a strip mall on *Westheimer Road, Houston, TX 77063*.[66]  The debtor also listed its principal place of business at *1001 W. Loop S., Suite 700, Houston, TX 77027*.[67]  In August 2025, the Western District Bankruptcy Court entered an order to show cause why the case should not be dismissed or transferred because the debtor's principal place of business and assets were all located in Houston, in the Southern District.[68]  In September 2025,

---

[59] Bankr. W.D. Tex. Case No. 25-11334, ECF No. 1.

[60] *Id.*, ECF No. 37.

[61] *Id.*, ECF No. 8.

[62] *Id.*, ECF No. 26.

[63] *Id.*, ECF No. 56.

[64] *Id.*, ECF No. 125.

[65] Bankr. W.D. Tex. Case No. 25-11157, ECF No. 1.

[66] *Id.*, ECF No. 8.

[67] *Id.*, ECF No. 1.

[68] *Id.*, ECF No. 22.

the Western District Bankruptcy Court dismissed the case with a 90-day refiling bar, finding "cause" for:

> (1) an insufficient and non-credible explanation by the Debtor's representative as to an error in the schedules, (2) the Debtor's own request that the case be dismissed shortly after it was filed, (3) the testimony of the Debtor's representative that this case was filed as a litigation delay tactic to avoid state court receivership issues and to avoid a supersedeas bond in state court, (4) the fact that the Debtor has little or no cash flow and no income to fund a Chapter 11 plan, and (5) the lack of testimony from the Debtor's representative as to whether this case was filed for a legitimate reorganization purpose.[69]

No explanation was given for why the debtor—a Houston-headquartered entity, owning exclusively Houston property—filed in Austin.

28.     ***In re Memorial Glen Cove, LLC*, Case No. 25-51840 (Bankr. W.D. Tex.).**  Mr. Choudhri filed the Memorial Glen Cove case in August 2025 in the San Antonio Division of the Western District Bankruptcy Court.[70]  It was initially assigned to Judge Parker.  Less than two weeks after filing, the Western District Bankruptcy Court entered an order directing the debtor to show cause why it filed in the San Antonio Division when its principal place of business was located in the Austin Division.[71]  Before that was heard, the Western District Bankruptcy Court dismissed the case for failure to file the documents required by Bankruptcy Rule 1007.[72]

29.     Uniformly, the Choudhri bankruptcy cases demonstrate that the best interests of creditors are served by remaining in the bankruptcy court, under the guidance and supervision of a judge, and by the appointment of an independent fiduciary to manage the debtor's affairs, collect and liquidate assets, and make distributions.

---

[69] *Id.*, ECF No. 38.
[70] Bankr. W.D. Tex. Case No. 25-51840, ECF No. 1.
[71] *Id.*, ECF No. 10.
[72] *Id.*, ECF No. 15.

## ARGUMENT

**A.      This case should be transferred to Judge Norman.**

30.      Mr. Choudhri has a long bankruptcy history that includes, among other things: (a) obvious forum shopping to avoid courts and judges who have entered adverse rulings against him; (b) "lawless" attempts to manipulate courts by, *inter alia*, engaging others to file involuntary bankruptcies against entities he owns and controls to, again, forum shop and avoid courts and judges who have ruled against him; (c) disregard for statutory disclosure requirements, absent compelled compliance; (d) persistent inability to serve as a chapter 11 debtor in possession marked by myriad conflicts of interest and repeated refusals to act in the best interests of creditors and bankruptcy estates; and (e) benefits for creditors only when there is collective action guided by an independent fiduciary with duties to all creditors notwithstanding Mr. Choudhri's "lawless" efforts.

31.      Less than one week into the present case, those patterns persist.  As but one example, Mr. Choudhri has ***already*** been less than truthful in documents he filed with this Court – under penalty of perjury – in an apparent attempt to avoid the very relief this motion seeks.

32.      Part 2, Section 10 of Official Form 101 (the Voluntary Petition) requires debtors to disclose "any bankruptcy cases pending by . . . an affiliate."  Mr. Choudhri responded:[73]

| 10. | Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate? | ☒ No ☐ Yes. | | | | |
|---|---|---|---|---|---|---|
| | | | Debtor | | Relationship to you | |
| | | | District | When | Case number, if known | |
| | | | Debtor | | Relationship to you | |
| | | | District | When | Case number, if known | |

---

[73] ECF No. 1.

33.     The Bankruptcy Code defines "affiliate" as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor," a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with the power to vote, by the debtor," or a "person whose business is operated under a . . . operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor."  11 U.S.C. § 101(2).   "Corporation" is defined to include "private corporation," "partnership," and "unincorporated company."  *Id.* § 101(9).  "Entity" includes "person."  *Id.* § 101(15).  And "person" includes "individual, partnership, and corporation."  *Id.* § 101(41).

34.     Despite answering the question "no," at least six "affiliates" of Mr. Choudhri have bankruptcy cases currently pending.  Three of those cases are currently before Judge Norman: *In re Houston Real Estate Properties LLC*, *In re Galleria 2425 Owner, LLC*, and *In re Jetall Companies, Inc.*[74]  Two of those cases are pending in front of Judge Robinson in the Western District Bankruptcy Court: *In re 1001 WL, LLC* and *In re Texas REIT, LLC,* which as noted above were filed in Austin even though both debtors assets are located exclusively in Houston.[75]  The final case is before Judge Isgur: *In re Galleria West Loop Investments, LLC*.[76]  Mr. Choudhri cannot claim he did not know of those cases.  He filed them (or caused them to be filed) and has

---

[74] As set forth above, Mr. Choudhri owns and controls all of Houston Real Estate Properties LLC, Galleria 2425 Owner, LLC, and Jetall Companies, Inc.  They, thus, qualify as "affiliates" under 11 U.S.C. § 101(2).

[75] Mr. Choudhri owns and controls both 1001 WL, LLC and Texas Reit, LLC.  They are "affiliates" under 11 U.S.C. § 101(2).

[76] Mr. Choudhri owns and controls Galleria West Loop Investments, LLC.  It is an "affiliate" under 11 U.S.C. § 101(2).

been an active participant in them.  There is no justification for Mr. Choudhri's incorrect (and less than candid) statement that no affiliated cases are pending.[77]

35.     The affiliated cases have been lengthy and intensive, involving dozens of contested matters and adversary proceedings.  Through time, the judges presiding over them (primarily Judge Norman) have gained a wealth of institutional knowledge about Mr. Choudhri, his entities, and his schemes.  Prudence counsels capturing and capitalizing on that work rather than recreating it.

36.     Indeed, there is a Local Bankruptcy Rule designed, at least in part, to effectuate that very result.  Local Bankruptcy Rule 1014-1 provides: "On motion of a party in interest or on its own motion, the judge may transfer a case, an adversary proceeding, or a contested proceeding to another judge or division in this district."  Although the local rule does not provide a standard for evaluating a motion to transfer, the Court should exercise its discretion to apply it here.

37.     As discussed above, Mr. Choudhri has filed six bankruptcies in this District on behalf of entities he owns or controls since 2018, including one presided over by this Court (Lopez, J.).  The following chart summarizes these cases and their status:

| __Judge__ | __Bankruptcy Cases__ | __Adversary Proceedings__ | __Dates__ |
|---|---|---|---|
| Judge Norman | 3 (all pending) | 22 | October 2022 – Present |
| Judge Isgur | 2 (one pending) | 5 | October 2018 – October 2022 & May 2024 - Present |
| Judge Lopez | 1 (none pending) | 1 | July 2023 – November 2023 |

38.     Based on these indisputable facts, this Court should transfer this case to Judge Norman for at least three reasons.

---

[77] Mr. Choudhri cannot hide behind his counsel in this case for this incorrect answer either.  As detailed below, both of Mr. Choudhri's lawyers who have appeared in this case have appeared in many of these other bankruptcy cases.

39.     *First*, Judge Norman has continuously presided over various Choudhri entity bankruptcy cases and adversary proceedings since at least October 2022, more time than any other judge in this District.  He is intimately familiar with Mr. Choudhri, Mr. Choudhri's entities (which will likely form most, if not all, of the assets of this estate), and Mr. Choudhri's creditors (including NBK, Mr. Abdullatif, Mr. Quinlan, and Mr. Mokaram).[78]  He is also familiar with the facts giving rise to the various bankruptcies, as well as those which precipitated this case's filing.  Judge Norman is in a unique position to capture efficiencies and preserve resources (both the Court's and the parties') as this case is administered.

40.     *Second*, in the related Choudhri cases, Judge Norman has entered orders and judgments that will have preclusive effect on issues Mr. Choudhri is likely to raise in this case (or in related adversary proceedings).  To the extent there is any question over what issues have been previously decided or for what reasons, Judge Norman is in the best position to address them.  Again, that will capture efficiencies and preserve resources.[79]

41.     *Third*, allowing Mr. Choudhri to avoid transfer would reward yet another attempt at judge shopping.  As demonstrated above, Mr. Choudhri's bankruptcy saga began in the Houston

---

[78] Additional parties Judge Norman has experience with from the Choudhri bankruptcies include: Mokaram-Latif West Loop Ltd., Abdullatif & Company LLC, BDFI LLC (a Choudhri entity and alleged creditor), Dalio Holdings I LLC (a Choudhri entity and alleged creditor), Hayward PLLC (formerly counsel to Mr. Choudhri), Jetall Companies Inc. (a Choudhri entity, currently a chapter 7 debtor in a case before Judge Norman, and an alleged creditor), M Nasr & Partners PC (a petitioning creditor in the Jetall Companies bankruptcy and an alleged creditor), MacGeorge Law Firm (formerly counsel to Mr. Choudhri), the United States Trustee, Poplabs (Gene McCubbin's company, a petitioning creditor in the Jetall Companies and Galleria West Loop Investments cases and an alleged creditor), Shahnaz Choudhri (Mr. Choudhri's mother and an alleged creditor), Skaneateles rdX LLC (Shahnaz Choudhri's entity and an alleged creditor), and Sonder USA Inc.  Still other creditors of Mr. Choudhri have not been scheduled but will be participants in this case.  For example, Mr. Choudhri owes money to the Galleria 2425 Owner bankruptcy estate, which case is currently pending before Judge Norman.

[79] Indeed, the United States Court of Appeals for the Fifth Circuit recently upheld Judge Norman's dismissal of one of Mr. Choudhri's lawsuits against NBK finding, among other things, it was appropriate for Judge Norman to rely on his prior decisions to conclude that Mr. Choudhri has no viable breach of contract claim against NBK.  *See* **Exhibit B**.

Division of the Southern District Bankruptcy Court. When judges in the Houston Division (Isgur, J. and Norman, J.) began entering rulings against him, Mr. Choudhri opted to file cases in the Victoria Division where he was assured to receive a "new" judge (Lopez, J.). After this Court (Lopez, J.) dismissed the first Galleria 2425 Owner case, Mr. Choudhri shifted to filing cases in the Austin Division of the Western District Bankruptcy Court to avoid appearing before any of the judges in this District. When that court (Robinson, J.) began entering rulings against him, Mr. Choudhri pivoted to filing cases in the San Antonio Division of the Western District Bankruptcy Court to avoid appearing before Judge Robinson or judges in this District. When that failed, he elected to file this bankruptcy as a "complex" case and decided not to identify pending cases by affiliates, trying to ensure this case would be assigned to one of two judges with whom he has had the least interaction and not to the judge before whom his oldest related case is still pending.[80]

42.     Although NBK has not been able to find any published decisions applying Local Bankruptcy Rule 1014-1, Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 1014(b) and 28 U.S.C. § 1412, which address interdistrict transfers of related bankruptcy cases, are instructive.

43.     A principal concern when evaluating a request to transfer under Bankruptcy Rule 1014(b) is the relative "learning curve" of the potential forums—the time and effort spent by the current judge and the corresponding effect on the bankruptcy case. *See In re Enron Corp.,* 274 B.R. 327, 349-350 (Bankr. S.D.N.Y. 2002). Here, that must weigh in favor of transferring the case to Judge Norman.

---

[80] If this case were not "complex" and the first-filed rule did not apply, it appears this case was eight times more likely to have been assigned to Judge Norman than to this Court (Lopez, J.) under General Order 2024-4.

44.     In evaluating whether to transfer a case, courts have also considered whether forum

shopping is apparent.  In a case with similar facts, the Bankruptcy Court for the Southern District

of New York concluded:

> Where, as here, a case is filed in one district where virtually all of the events leading
> up to the case took place in proceedings before a judge in another district; where
> files and exhibits are likely to be more readily available in the other district; and
> where a judge in the other district considered matters relevant to this case as
> recently as four weeks prior to the filing here, principles of judicial efficiency and
> comity for the first district lead the court to conclude that it is better for this case
> too to be heard there.

> The Court concludes that the interests of judice also warrant transfer for another
> reason.  The Court has found as a fact that this case was filed in the Southern District
> for "forum shopping"—to try out the Southern District, after repeated unfavorable
> rulings, and a restrictive order in the Eastern District.  The interests of justice
> require that this Court not reward such an effort.  This Court believes it is
> appropriate to add as an additional relevant factor, though it may rarely be
> applicable, the integrity of the Bankruptcy Court system.

*See In re Eclair Bakery Ltd.*, 255 B.R. 121, 142 (Bankr. S.D.N.Y. 2000); *see also In re Abacus*

*Broadcasting Corp.*, 154 B.R. 682, 686-887 (Bankr. W.D. Tex. 1993) ("How much deference

should be given to a debtor's concern that it get what it perceives to be a 'debtor's judge?'

Whenever a creditor raises the venue question, none at all.  Forum shopping has never been favored

by federal courts, and courts are quick to discern the evil in all its disguises. . . .  In bankruptcy,

too often the tactic is masked by pious pronouncements about the debtor's 'right' to select the most

advantageous of several possible forums, in order to advance the prospects for reorganization. . . .

This tactic is not simply unfair to the creditors of these estates.  It is also unfair to the judges.").[81]

45.     Local Rule 1014-1, which mirrors Bankruptcy Rule 1014(b) but in an intradistrict

transfer context, should be applied considering the same prudential factors used when Bankruptcy

---

[81] *See also In re Scott Cable Communications, Inc.*, 263 B.R. 6, 8 (Bankr. D. Conn. 2001) (noting a
combination of Bankruptcy Rule 1014(a)(1), 28 U.S.C. § 1412, and 11 U.S.C. § 105(a) may be employed
"to prevent the abuses of process which may accompany forum shopping"); *In re Henderson*, 197 B.R. 147,
152 (N.D. Ala. 1996) (same); *In re Pannell*, 243 B.R. 23, 28 (Bankr. S.D. Ohio 1999) (same).

Rule 1014(b) is invoked: Related cases should be gathered before the judge presiding over the first of the pending related cases, primarily because there are efficiencies in doing so, and attempts at forum shopping should be sharply and squarely rejected.

46.     For all the reasons above, this Court should exercise its discretion to transfer this case to Judge Norman.  The Court should not indulge Mr. Choudhri's gamesmanship.

**B.     Ali Choudhri's bankruptcy history raises serious concerns about conflicts with his chosen counsel in this case and about the mistakes in his filings.**

47.     While the Court reviews the dockets in Mr. Choudhri's affiliated bankruptcy cases to adjudicate this Motion, it should also pay careful attention to who has historically represented Mr. Choudhri and his various entities.  These relationships impact not only this motion, but they likely will impact later proceedings.

48.     Ms. Samavati has represented Mr. Choudhri or his entities in <u>*at least*</u> the following cases:

| <u>**Case**</u> | <u>**Party(ies) Represented**</u> | <u>**ECF Ref.**</u> |
|---|---|---|
| *Southern District Bankruptcy Court* | | |
| *In re Galleria 2425 Owner LLC*, Case No. 23-34815 (Bankr. S.D. Tex.) | Ali Choudhri; Founder Loop24, LLC | 1044, 1049, 1057, 1060, 1062, 1065, 1069-1074,1076, |
| *In re Jetall Companies, Inc.*, Case No. 24-35761 (Bankr. S.D. Tex.) | Ali Choudhri | 122, 133, 157, 177, 183, 216, 298, 308, 312-314, 317-318 |
| *BDFI LLC v. VB Acquisition Sub No. 3, LLC*, Case No. 25-03358 (Bankr. S.D. Tex.) | BDFI LLC | 11-13, 16-18, 22, 23-24 |
| *Galleria Loop Note Holder LLC v. TIG Romspen US Master Mortgage LP*, Case No. 25-03608 (Bankr. S.D. Tex.) | Galleria Loop Note Holder | 1 |
| *Southern District Court* | | |
| *United States of America v. Jetall Companies, Inc.*, Case No. 23-mc-01644 (S.D. Tex.) | Ali Choudhri | 71, 73, 80, 82, 91, 94-95, 97, 99, 101-103 |

| **Case** | **Party(ies) Represented** | **ECF Ref.** |
|---|---|---|
| *In re Houston Real Estate Properties, LLC*, Case No. 24-cv-04859 (S.D. Tex.) | Jetall Companies, Inc. | 12 |
| *In re Houston Real Estate Properties, LLC*, Case No. 24-cv-04861 (S.D. Tex.) | BDFI, LLC; Galleria West Loop Investments, LLC | 11 |
| *In re Jetall Companies, Inc.*, Case No. 25-cv-00075 (S.D. Tex.) | Jetall Companies, Inc. | 8 |
| *In re Houston Real Estate Properties, LLC*, Case No. 25-cv-00625 (S.D. Tex.) | Ali Choudhri | 8 |
| *In re Jetall Companies, Inc.*, Case No. 25-cv-00809 (S.D. Tex.) | Jetall Companies, Inc. | 9 |
| *In re Houston Real Estate Properties LLC*, Case No. 25-cv-01187 (S.D. Tex.) | Ali Choudhri | 7 |
| *In re Houston Real Estate Properties LLC*, Case No. 25-cv-01482 (S.D. Tex.) | Ali Choudhri | 10 |
| *In re Houston Real Estate Properties LLC*, Case No. 25-cv-01485 (S.D. Tex.) | Jetall/Croix GP, LLC | 10 |
| *In re Houston Real Estate Properties LLC*, Case No. 25-cv-01486 (S.D. Tex.) | Jetall/Croix GP, LLC | 6 |
| *In re Jetall Companies, Inc.*, Case No. 25-cv-02173 (S.D. Tex.) | Ali Choudhri | 5-7, 9 |
| *In re Jetall Companies, Inc.*, Case No. 25-cv-02438 (S.D. Tex.) | Ali Choudhri | 4 |
| *In re Jetall Companies, Inc.*, Case No. 25-cv-02440 (S.D. Tex.) | Ali Choudhri | 4 |
| *In re Galleria 2425 Owner, LLC*, Case No. 25-cv-02553 (S.D. Tex.) | Ali Choudhri | 1 |
| *In re Galleria 2425 Owner, LLC*, Case No. 25-cv-03156 (S.D. Tex.) | BDFI LLC | 1, 3 |
| *Western District Bankruptcy Court* | | |
| *Galleria Loop Note Holder LLC v. Tig Romspen US Master Mortgage LP*, Case No. 25-01055 (Bankr. W.D. Tex.) | Galleria Loop Note Holder LLC | 1 |

49.     Mr. Duke has represented Mr. Choudhri or his entities in *<u>at least</u>* the following

cases:

| **Case** | **Party(ies) Represented** | **ECF Ref.** |
|---|---|---|
| *Southern District Bankruptcy Court* | | |
| *Mokaram-Latif West Loop Ltd. v. Ali Choudhri*, Case No. 25-03628 (Bankr. S.D. Tex.) | Ali Choudhri | 32-33, 42-44, |
| *Mokaram-Latif West Loop, Ltd. et al. v. Dalio Holdings I LLC et al.*, Case No. 25-03630 (Bankr. S.D. Tex.) | Dalio Holdings I LLC; Dalio Holdings II LLC; Ali Choudhri | 21-22, 27, 30 |
| *Western District Bankruptcy Court* | | |
| *In re 1001 WL, LLC*, Case No. 24-10119 (Bankr. W.D. Tex.) | Ali Choudhri | 1006, 1013, 1019, |
| *In re Texas REIT, LLC*, Case No. 24-10120 (Bankr. W.D. Tex.) | Dalio Holdings I LLC; Dalio Holdings II LLC | 696, 710, 720, 724, 759 |
| *In re RIC (Lavernia) LLC*, Case No. 24-51195 (Bankr. W.D. Tex.) | Ali Choudhri | 307, 321, 325, 342 |

50.     As described above, Mr. Choudhri's failure to identify affiliated bankruptcy cases in his initial filings in this case cannot be explained away as an oversight.  The question to be answered was clear and unambiguous: "Are any bankruptcy cases pending . . . by an affiliate?" His response, "No," was equally clear and unambiguous.

51.     But even if Mr. Choudhri failed fully to comprehend the question (which seems incredible and uncredible), his counsel surely understood it.  They possessed personal knowledge that there are pending affiliate cases.  Yet, the answer provided in a Petition they signed or represented they had intended to sign was objectively wrong.

52.     As noted above, the failure to identify affiliated pending cases and the designation of this case as "complex" limited the number of judges to whom this case might be assigned to two with whom Mr. Choudhri has had limited interaction.

53.     NBK also notes that Bankruptcy Code sections 327, 329, 330 and Bankruptcy Rules 2014 and 2016 all generally prohibit hiring and paying counsel who hold or represent interests

adverse to the estate or that are not disinterested.  *See* 11 U.S.C. §§ 327(a), 329, 330(a); FED. R. BANKR. P. 2014(a), 2016.

54.     It is difficult to imagine a scenario where either Mr. Duke or Ms. Samavati could make a showing that they are: (a) disinterested; and (b) not adverse.  For example, both have represented – and likely continue to represent – entities who are listed as creditors on Mr. Choudhri's schedules.  That is, Ms. Samavati either formerly or currently represents *at least* two scheduled creditors: BDFI, LLC and Jetall Companies, Inc.  Mr. Duke also either formerly or currently represents *at least* one scheduled creditor: Dalio Holdings I, LLC.

55.     As another example, it is entirely likely that both Mr. Duke and Ms. Samavati are, themselves, creditors in this case.  Ms. Samavati has represented Mr. Choudhri or his various entities in *at least* 20 different cases.  Presumably she did not undertake those representations gratuitously, and Mr. Choudhri apparently does not have even $1,700 to spare to compensate her. Mr. Duke has represented Mr. Choudhri or his entities in *at least* five different cases.  It is unlikely he works for free either.

56.     Local Bankruptcy Rule 2014-1 generally requires professional file employment applications within 30 days of the professional's provision of services, in this case no later than early January 2026.  NBK will likely object at that time.  However, NBK urges this Court to consider and note the complicated and extensive history of representation by Ms. Samavati and Mr. Duke as this Court reviews Mr. Choudhri's filing history and his filings in this case to determine whether a transfer is appropriate.

## **CONCLUSION**

57.     This case should be transferred to Judge Norman pursuant to Local Rule 1014-1. Judge Norman has a lengthy history with the Choudhri cases and institutional knowledge that would take another court substantial time and resources to replicate.  The most prudent path

forward counsels capturing efficiencies where possible which means transferring the case to the judge who is best positioned to do so.

Date: December 12, 2025                    **Pillsbury Winthrop Shaw Pittman LLP**

By: */s/ Andrew M. Troop*
        Charles C. Conrad
        Tex. Bar No. 24040721
        S.D. Tex. Fed. ID No. 37220
        L. James Dickinson
        Tex. Bar No. 24105805
        S.D. Tex. Fed. ID No. 3611267
        Reed C. Trechter
        Tex. Bar No. 24129454
        S.D. Tex. Fed. ID No. 3803657
        609 Main Street, Suite 2000
        Houston, TX 77002
        Telephone: 713-276-7600
        Facsimile: 713-276-7634
        charles.conrad@pillsburylaw.com
        james.dickinson@pillsburylaw.com
        reed.trechter@pillsburylaw.com

        *--and--*

        Andrew M. Troop
        Federal Bar No. MA547179
        S.D. Tex. Fed. ID No. 30089813
        Patrick E. Fitzmaurice
        N.Y. Bar No. 4093852
        *Admitted pro hac vice*
        31 West 52nd Street
        New York, NY 10019-6131
        Telephone: 212-858-1000
        Facsimile: 212-858-1500
        andrew.troop@pillsburylaw.com
        patrick.fitzmaurice@pillsburylaw.com

        ***Counsel for National Bank of Kuwait, S.A.K.P.,
        New York Branch***

## <u>LOCAL BANKRUPTCY RULE 9013-1(i) CERTIFICATION</u>

As required by Local Bankruptcy Rule 9013-1(i), the factual allegations in the following paragraphs of this Motion relating to the need for emergency consideration are true and correct to the best of my knowledge: 8-13.

*/s/ Andrew M. Troop*
Andrew M. Troop

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 12, 2025, a true and correct copy of this document was served via the Court's CM/ECF system on all counsel of record who are deemed to have consented to electronic service.

*/s/ Andrew M. Troop*
Andrew M. Troop
